Susan **HEISMAN** et al.

v.

**Jeffrey GIORDANO**

v.

The **MARRIOTT CORPORATION**, t/a
The Marriott Motor Hotel.

**Civ. A. No. 69–1700.**

United States District Court,
E. D. Pennsylvania.

June 20, 1972.

---

Weinstein & Factor, Philadelphia, Pa., for plaintiffs.

Robert J. Coleman, Marshall, Dennehey & Warner, Philadelphia, Pa., for defendant.

Joseph R. Thompson, Philadelphia, Pa., for third-party-defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this cause of action, plaintiff seeks to recover damages for personal injuries sustained in an ice-skating accident. Plaintiff alleges that defendant collided with her, the impact of which knocked her into a waist-high railing which encircled the rink. Thereafter, plaintiff instituted suit in this Court, predicating liability on the allegation that defendant was skating at such a careless and reckless speed so as to be unable to stop or to swerve to avoid colliding with the plaintiff. Jurisdiction was based on diversity of citizenship and an amount in controversy exceeding $10,000.00, exclusive of interest and costs. Before the Court are defendant's motions to dismiss for failure of plaintiff to file a pre-trial memorandum and for lack of jurisdiction in that the amount in controversy does not exceed $10,000.00.

### I.

Rule 7(a) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania provides in pertinent part, as follows:

"Unless the judge orders otherwise, a pre-trial memorandum *shall* be filed by the plaintiff not later than 90 days after the commencement of the action and a pre-trial memorandum shall be filed by the defendant not later than 30 days after the filing of the plaintiff's pre-trial memorandum."

The rule is couched in mandatory language, and its manifest purpose is to inform the Court and opposing counsel of the factual basis of the claim, the legal theory of recovery, the damages claimed, and the witnesses who are intended to be called at trial. Under the federal system of notice pleading, all that is required is a short and plain statement of the jurisdictional grounds, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment. Rule 8(a), F. R.Civ.P. The interstices are to be filled in by the liberal discovery procedures of the federal rules and, in this district, by the filing of a pre-trial memorandum. Such a memorandum is essential to assist opposing counsel to prepare his case for trial. In the instant case, defendant asserts that he was prejudiced by plaintiff's failure to file a pre-trial memorandum and argues the case should be dismissed. While we believe that such motions should be sparingly granted and only in extreme circumstances, we are firmly convinced, considering the present posture of this case, that defendant's motion is sound.

This suit was instituted on July 24, 1969. The 90-day period provided by Local Rule 7(a) expired without the filing of a pre-trial memorandum. On May 11, 1972, a pre-trial conference was held before United States Magistrate Richard Powers, and still no pre-trial memorandum was filed. Magistrate Powers directed plaintiff to file a pre-trial memorandum by May 30, 1972, and plaintiff did not comply with this order. Finally, the case was summoned for trial on June 7, 1972, and still no pre-trial memorandum was filed. Magistrate Powers noted that this case was danger-

ously below the jurisdiction amount in the light of the recent Third Circuit decision in Nelson v. Keefer, 451 F.2d 289 (3rd Cir. 1971), and we were confronted with defendant's belated motion to dismiss on that ground. Absent the pretrial memorandum, we were unable to follow the pre-trial procedures to determine the amount in controversy as set forth in Nelson v. Keefer, *supra,* and therefore, proceeded to a hearing on defendant's motion. During the course of the hearing, plaintiff sought to establish that she had a hysterical personality and, although there was no organic reason for the pain, she felt such pain as if it were real. Heretofore, plaintiff's alleged pain and suffering was linked to organic causes. Defendant, at this time, pleaded surprise, representing that this was the first time such an allegation was made and that he had conducted no discovery focusing on this aspect of the case. Defendant further asserted that to permit such a contention to be raised on the eve of trial would prejudice the preparation for the defense of this case. We agree.

In Shuber v. S. S. Kresge Co., 458 F.2d 1058 (3rd Cir. 1972), the Court of Appeals, quoting Judge Weber, stated:

> " ' [T]he Court has an interest to support the integrity of its pretrial procedures. The Pretrial Order in the case binds and limits the parties to what they have presented and revealed in their Pretrial Narratives and at the Pretrial Conference. Neither at the Pretrial Conference, nor in the trial was this new line of evidence suggested. We must either require adherence to our Pretrial Rules or abandon them utterly in this case. We think that the interests of the efficient administration of justice require their enforcement.' With this statement of the trial Judge we are thoroughly in accord."

In attempting to change the theory of recovery on the eve of trial after discovery has been completed and pre-trial procedures conducted in the absence of a pre-trial memorandum, plaintiff is running fast and free with the rules of this Court. To preserve the integrity of such rules and to prevent prejudice to the defendant because of non-compliance therewith, we conclude that the failure and refusal of plaintiff counsel to file a pre-trial memorandum according to the Local Rules of Civil Procedure and at the direction of the Magistrate mandates the dismissal of this action. Accordingly, defendant's motion to dismiss for failure to file a pre-trial memorandum will be granted.

## II.

In the alternative, defendant has moved to dismiss this action for lack of jurisdiction in that the amount in controversy is insufficient. Having insufficient information before us in the absence of a pre-trial memorandum, we were unable to make an in camera determination of this question based on the pre-trial discovery, thus we proceeded to hearing. Plaintiff introduced copious testimony as to the pain and suffering she underwent allegedly as a result of injuries. The record of the hearing is replete with epithets, characterizing plaintiff as being in "excruciating pain" and "agony". We have considered the record as a whole, including the complaint, plaintiff's answers to interrogatories, plaintiff's deposition, and the testimony of plaintiff and her medical witness produced at the hearing, and conclude to a legal certainty that the evidence would not permit the Court to sustain a verdict for plaintiff in excess of the minimal jurisdictional amount of $10,000.00.

In determining this issue, we have applied the good faith-legal certainty test, which has been stated as follows:

> "One of the tools for determining the intangible factors relating to the amount in controversy is the require-

ment that a plaintiff must claim the necessary amount in 'good faith'. * * *

" * * * [T]he basic criterion for determining 'good faith' is that '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. [283] 288–289, 58 S.Ct. [586] 590 [82 L.Ed. 845] (1938)." Nelson v. Keefer, supra, 451 F.2d at 292–293; Jaconski v. Avisun Corp., 359 F.2d 931, 934 (3rd Cir. 1966).

The burden of establishing the factual basis for federal jurisdiction rests with the complainants. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). Where the allegation of jurisdictional facts are challenged by his adversary in any appropriate manner, plaintiff has the burden of establishing by competent proof and by a preponderance of the evidence that his claims exceed $10,000.00. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Nelson v. Keefer, *supra*, 451 F.2d 289, at 296. *See also* Davis v. Shultz, 453 F.2d 497 (3rd Cir. December 27, 1971). In reviewing the record in this case, it is manifest that plaintiff failed to meet her burden of proving that "the legal impossibility of recovering $10,000 is not so certain as to negative [her] good faith in asserting the claim." Davis v. Shultz, *supra*, at 501.

As a result of said accident, plaintiff alleges that she sustained injuries to her neck, right shoulder, arm, and hand. Notwithstanding said injuries, plaintiff continued to skate for approximately an hour, took off her skates, and went to dinner with defendant that evening. It was two days later when plaintiff first complained of any injury and seven days later when she first obtained treatment. Dr. Thomas Langfitte examined plaintiff and ultimately admitted her to the hospital, prescribing bed rest, neck traction, and Darvon for pain. Upon her discharge one week later, the doctor diagnosed plaintiff as suffering from a cervical contusion. In addition, the doctor indicated that plaintiff possibly had a hysterical personality, since there was no organic basis for plaintiff's complaint. As a result of this and subsequent treatment, plaintiff accumulated medical bills amounting to $795.40. In her answers to interrogatories propounded by third-party defendant, plaintiff responded that she was last treated by a physician on May 13, 1969, and, on that date, was fully recovered from each particular injury claimed. Since a party's obligation to furnish answers to interrogatories is continuing, and plaintiff has furnished no further information, future medical payments are no part of this case.

Similarly, in responding to the interrogations of both defendant and third-party defendant, plaintiff indicated that questions directed toward ascertaining any loss of earnings and impairment of earning capacity were not applicable. In addition, plaintiff's counsel represented at plaintiff's deposition that no claim has been made for loss of earnings or impairment of earning power. Consequently, loss of earnings and impairment of earning power do not constitute items of damages in this case.

Thus, there remains for consideration as elements of damages in this case plaintiff's past medical bills, totaling $795.40 and her pain and suffering. As to pain and suffering, the testimony of plaintiff's physician revealed that during his initial examination he noted no significant pain. Thereafter, he treated plaintiff symptomatically for pain, and on his final examination, he found minimal tenderness and the neck could be moved without pain. Following that testimony, plaintiff's counsel propounded a hypothetical question to the doctor based on plaintiff's assertions that she had continuing pain to date when she engaged in physical exertion or played the accordion. The hypothetical question sought to establish a causal connection between the

accident and plaintiff's continuing pain, and to this question, the doctor responded as follows:

"* * * [I]t would be extremely unlikely for an organic cause for her difficulty to have persisted for this length of time. However, if her problem was basically functional, then it is *quite possible* that the hysteria or functional complaint would persist for an indefinite period of time." [Emphasis added]

As previously mentioned, it is plaintiff's burden to establish the requisite jurisdictional facts by competent evidence. Such a conjectural opinion would be legally insufficient at trial to establish a causal connection between the accident and plaintiff's continuing pain and suffering, Menarde v. P. T. C., 376 Pa. 497, 501, 103 A.2d 681 (1954), and it is likewise insufficient here. Thus, considering plaintiff's medical bills and pain and suffering subsequent to the accident, we are convinced to a legal certainty that plaintiff's claim is insufficient to meet the minimum jurisdictional amount. Accordingly, defendant's motion to dismiss for lack of jurisdiction will be granted.