**BANKERS NATIONAL LIFE INSURANCE COMPANY, Plaintiff-Counterdefendant,**

v.

**CONTINENTAL NATIONAL CORPORATION, et al., Defendants-Counterplaintiffs.**

**CONTINENTAL NATIONAL CORPORATION, et al., Counterplaintiffs,**

v.

**ORION CAPITAL CORPORATION, et al., Counterdefendants.**

**No. 79 C 3149.**

United States District Court, N. D. Illinois, E. D.

July 24, 1981.

Duane C. Quaini, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for plaintiff.

G. Dean Cooper, Oakbrook, Ill., David Eckberg, Park Ridge, Ill., for defendants-counterplaintiffs.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff-counterdefendant Bankers National Life Insurance Company ("Bankers") has moved for judgment by default on its complaint against defendants Continental National Corporation ("Continental") and G. Dean Cooper ("Cooper") and for dismissal of the Continental-Cooper counterclaims against Bankers. Each motion is predicated on the Continental-Cooper failure to comply with the Federal Rules of Civil Procedure ("Rules") and the rules and orders of this Court and:

(1) as to Bankers' Complaint, on the Continental-Cooper failure to defend with due diligence and

(2) as to the Continental-Cooper counterclaims, on the Continental-Cooper failure to prosecute.

For the reasons stated in this memorandum opinion and order each of Bankers' motions is granted.

After this action was transferred to this Court's calendar in late 1980 the Court set the matter for successive status dates until it was advised December 11, 1980 that the bankruptcy proceedings that had necessitated the stay of this action had been the subject of a stipulated dismissal. On December 11 and at the January 12, 1981 status date the Court granted (over Bankers' objection) successive Continental-Cooper requests for additional time to complete their discovery. At the February 6, 1981 status call Bankers advised that it had completed *its* discovery since the bankruptcy proceedings had been terminated, and the Court set a discovery cutoff date of May 8, 1981. Then at the April 9, 1981 status hearing the Court set June 12, 1981 as the date for the parties' submission of a joint proposed final pretrial order conforming to this Court's Standing Order Establishing Pre-Trial Procedure (the "Standing Order") and June 23, 1981 as the date for the pretrial conference to convert that submission to a final pre-trial order to enable the case to be scheduled for trial.

On May 19, 1981 Continental-Cooper moved for a 60-day extension of the dates for filing the proposed pre-trial order and the pre-trial conference. Over Bankers' objection the Court granted a 30-day extension, setting July 13, 1981 as the new date for filing of the proposed pre-trial order and July 21, 1981 as the new date for the pre-trial conference. At that time the Court advised counsel for Continental-Cooper that no further extensions would be granted.

On May 27, 1981 Eugene F. Friedman ("Friedman"), co-counsel for Continental-Cooper, advised the Court that he intended to withdraw as such co-counsel. On June 9, 1981 motions to withdraw as counsel were filed not only by Friedman but by the other co-counsel, Kristin Fischer ("Fischer"). Friedman's motion was granted on June 9 and Fischer's on June 16, 1981.

Both Friedman's and Fischer's motions to withdraw were predicated on difficulties with Continental and Cooper that exemplify the Court's problems in obtaining compliance by Continental-Cooper with applicable rules and court orders. Friedman cited a serious lack of communication with Continental or Cooper and an inability to "control the course of this litigation or the behavior of the clients" (he also reflected their non-payment of agreed-upon legal fees). Fischer's motion also stated she was "unable to further control the course of this litigation" or "adequately and in a professional manner [to] continue representation of her clients...." (in addition she cited non-payment of legal fees and court reporters' fees).

Friedman's May 27, 1981 letter to Continental and Cooper (with a copy to Fischer) advising of his proposed withdrawal specifically referred to this Court's statements at the May 27 status date:

The judge also instructed me to warn you that he would strictly follow the schedule he set for this case: the Pretrial Order is due July 13, 1981, and the Pretrial Conference will take place on July 21, 1981 at 4:3 p. m. [sic].

In the Court's June 16 minute order granting Fischer's motion for leave to withdraw, the Court reiterated that requirement:

SAID DEFENDANT/COUNTER–PLAINTIFFS WILL BE EXPECTED TO ADHERE TO THE SCHEDULE PREVIOUSLY SET BY THIS COURT.

Nevertheless Continental-Cooper did not retain new counsel or participate in the preparation of the proposed Pre-Trial Order. Bankers was forced to prepare and submit its comprehensive draft order, which conformed fully to the rigorous requirements of the Standing Order, independently. It did so and filed its draft July 10, 1981, before the previously extended due date of July 13.

At the scheduled July 21, 1981 pre-trial conference Continental and Cooper did not appear. Instead P. Sveinbjorn Johnson ("P.S. Johnson"), previously counsel for counter-defendant Norbert Roy, appeared and advised the Court that he had just been asked by Continental and Cooper whether he could appear for them at the pre-trial conference. Roy had been an adverse party to Continental and Cooper (they had obtained a default judgment against Roy, which was subsequently vacated on Continental-Cooper's motion) but had apparently just settled with Continental and Cooper. However, before that just-accomplished development Bankers' counsel had discussed with P.S. Johnson (as Roy's counsel) matters of litigation strategy in opposition to Continental and Cooper. Both Bankers' counsel and the Court pointed out to P.S. Johnson the obvious conflict of interest and appearance of impropriety problems that his appearance for Continental and Cooper would involve under the circumstances. P.S. Johnson (who had expressed concerns in the same respect at the beginning of the pre-trial conference) stated that he would not seek to appear for Continental-Cooper and withdrew from the conference. It should be emphasized that Continental and Cooper had been unrepresented since mid-June 1981, and no justification was asserted for their having failed to obtain substitute counsel in the five-week period that had elapsed since then.

All of the foregoing matters reflect Continental-Cooper's clear and egregious failure:

(1) as to Bankers' Complaint, to defend with due diligence and to comply with Rule 16, this Court's Standing Order and this Court's June 16, 1981 minute order (the latter of which confirmed several prior orders); and

(2) as to their counterclaims against Bankers, to prosecute with due diligence and to comply with the same Rule and orders.

This District Court's General Rule 21(b) provides:

An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court.

In accordance with that Rule, Rule 55(a) and established case law, the Court enters an order of default against Continental and Cooper and each of them. *Gulf Oil Company v. Bill's Farm Center, Inc.*, 449 F.2d 778 (8th Cir. 1971); *American Electronics Laboratories, Inc. v. Dopp*, 369 F.Supp. 1245 (D.Del.1974); and *Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396 (W.D.Mo.1970). Exhibit C to Bankers' draft final pre-trial order sets forth a "Statement of Special Damages" aggregating $303,675.17, and Bankers has asked for judgment in that amount together with an award of its attorney's fees, expenses and costs. Because the Complaint is not for a liquidated amount, the Court sets the case for prove up at 11:00 a. m. August 12, 1981, to establish the amount of damages, attorney's fees (if properly recoverable) and costs and for entry of a default judgment.

In addition to General Rule 21(b) of this District Court, Rule 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

In accordance with both those Rules and established case law the Court dismisses the Continental-Cooper Counterclaims against Bankers with prejudice. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir. 1973); and *Heisman v. Giordano*, 343 F.Supp. 1258 (E.D.Pa.1972).