**JARTRAN, INC., Plaintiff,**

v.

**Hector M. HUNT, et al., Defendants,**

**and**

**Galen Davis, Third Party Defendant.**

**No. 81C6324.**

United States District Court,
N.D. Illinois.

May 7, 1984.

Burton Brown, Brown & Goodman, Ltd., Chicago, Ill., for plaintiff.

Philip Maher, Murray Barr, Maton & Barr, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Jartran, Inc. ("Jartran") sues Hector and Janice Hunt and Hunt's U-Drive, Inc. (collectively "Hunts") for breach of contract and unlawful retention of certain vehicles leased from Jartran. Hunts assert counterclaims against Jartran for breach of contract and against Jartran and its former employee Galen Davis ("Davis") for abuse of process. Hunts now move (a) to dismiss Jartran's Complaint for want of prosecution and (b) for a default judgment against Jartran and Davis on Hunts' counterclaims. For the reasons stated in this memorandum opinion and order, Hunts' motion is granted except as to the abuse-of-process counterclaim.

In support of their motion Hunts detail Jartran's multiple past delinquencies:[1]

---

1. See Hunts' Mem. 1–4, attached as Appendix A, which cites chapter and verse.

1. three instances in which Jartran filed answers to discovery requests several months late;

2. six reschedulings of the dates set for submission of the final pretrial order and for the final pretrial conference; and

3. Jartran's counsel's total and unexplained failure to present the final pretrial order at the last-set date, or even to attend the March 9, 1984 pretrial conference.

Jartran and Davis do not really dispute those manifold failures, but they say:

1. Hunts did not previously object to the extensions of time or late-filed discovery responses.

2. Hunts have not shown how such delays have in fact resulted in prejudice to them.

Of course Hunts are right in identifying the relevant standard for the drastic sanction of an offending party's ultimate loss on the merits, *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983):

> when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.

And it is certainly true Jartran and Davis have again and again been guilty of extended delays in completing discovery and getting the case ripe for the final pretrial conference.

Ordinarily this Court would be loath to grant ultimate relief as a first-imposed sanction. But the situation here is not the ordinary one. This action began with a bang when this Court *granted* Jartran preliminary injunctive relief within a month after the Complaint was filed in November 1981. Since Jartran went into Chapter 11 bankruptcy proceedings about a month later, though, it has had to be prodded every step of the way. Its delays have been repeated and protracted. Most significantly Jartran (which under this Court's Standing Order Governing Pretrial Proceedings has the primary burden for preparation of the final pretrial order) was wholly delin-

quent (1) in failing to provide its work product in time for the January 20, 1984 conference (the then most recent resetting of an often-reset date), then—though well aware it had received a reprieve from Hunts' motion for default on that occasion —(2) in doing nothing at all for the next 40 days, despite the unequivocal timetable that had been set by this Court's January 26 order denying the default. As already indicated:

1. Jartran did not even tender a proper draft final pretrial order to opposing counsel, forcing Hunts' counsel to do the extensive work without Jartran's input.

2. Jartran's counsel was a total no-show at the pretrial conference, leaving Hunts' counsel (the individual defendants and the corporate defendant are separately represented) and this Court to cool their heels without even the courtesy of a telephone call, let alone any explanation. Indeed Jartran's "responsive" memo on the current motion still says *not a word* on that score—neither by way of explanation nor as apology.

Jartran's counsel argues no prejudice has been shown to have been caused by the complained-of conduct. Against the pattern of extraordinary delays Jartran has generated,[2] that is neither accurate nor relevant. In fact the delays themselves— even apart from the repeated flouting of court orders, which cannot be permitted with impunity—may be viewed as inherently prejudicial.

Jartran has failed the test as defined in *Webber*. And see such cases as *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *Bankers National Life Insurance Co. v. Continental National Corp.*, 91 F.R.D. 448 (N.D.Ill.1981).

### Conclusion

Jartran's Complaint is dismissed for failure to prosecute and for noncompliance with court orders. Hunt's U-Drive, Inc. is granted an order of default on its Counter-

---

**2.** See Hunts' R. Mem. 1–3, attached as Appendix B, which reflects some of the delay calculations.

claim against Jartran for the latter reason.[3] This action is set for a status hearing May 21, 1984 at 8:45 a.m. to arrange scheduling for a proveup on that Counterclaim.

## APPENDIX A

## MEMORANDUM OF LAW STATEMENT OF FACTS

On November 12, 1981, Plaintiff Jartran, Inc. (Jartran) filed a complaint with the U.S. District Court alleging that Hector M. Hunt and Janet Hunt, D/B/A Hunt's U-Drive, Inc. had breached their contract, converted Jartran's property, and had engaged in tortious interference with prospective advantage and business disparagements. Defendants appeared and hearings were held on plaintiff's motion for a temporary restraining order. On November 30, 1981, the Court entered a Preliminary Injunction.

On December 31, 1981, Jartran filed a Chapter 11 petition with the United States Bankruptcy Court, Northern District of Illinois, Eastern Division. Eventually, on May 12, 1982, the Bankruptcy Court modified the automatic stay to permit the resumption of this litigation.

On December 29, 1981, defendant Hunt's U-Drive, Inc. filed written interrogatories to be answered by Jartran. On June 28, 1982, this Court, pursuant to motion of defendant Hunt's U-Drive, Inc. ordered Jartran to answer interrogatories numbers 1–27 on or before July 23, 1982. Plaintiff filed its Answers to Interrogatories on September 27, 1982.

On October 26, 1982, defendant Hunt's U-Drive, Inc. filed its Request to Produce. On January 7, 1983, the Court ordered plaintiff to comply with defendant Hunt's U-Drive, Inc.'s document request by January 17, 1983. On April 6, 1983, Defendant Hunt's U-Drive, Inc. filed its motion to compel production of documents specifically claiming that plaintiff had failed to pro-

duce documents in response to paragraphs (d), (e), and (h) of the Request to Produce. On April 8, 1983, the Court denied defendant Hunt's U-Drive, Inc.'s motion to compel production of documents because plaintiff represented that it had complied.

On August 4, 1983, defendant Hunt's U-Drive, Inc. filed with the Court a Request for Admission of Facts. Rule 36 of the Federal Rules of Civil Procedure required that the plaintiff respond to the request for admissions within thirty days after service of the request. Plaintiff did not answer the request within thirty days of service. On December 7, 1983, plaintiff appeared before the Court on a Motion to Extend Time to Respond to Request to Admit, which motion was opposed by defendants. The Court ordered plaintiffs to respond to the request to admit on or before December 23, 1983. Plaintiffs filed their response on December 22, 1983.

On March 7, 1983, the Court ordered that discovery was to be closed on April 15, 1983; the pretrial order was to be submitted by May 16, 1983; and the pretrial conference was set for May 20, 1983. On June 30, 1983, the Court ordered that discovery was to be closed on August 1, 1983; the pretrial order was to be submitted by September 1, 1983; and the pretrial conference was reset to September 8, 1983. On July 1, 1983, the pretrial conference was reset to September 9, 1983. On September 9, 1983, the parties were given to October 24, 1983 within which to submit the pretrial order and the pretrial conference was reset to December 22, 1983. On December 7, 1983, the parties were given until January 3, 1984 to submit the pretrial order and the pretrial conference was reset to January 6, 1984. On January 13, 1984, the pretrial conference date of January 6, 1984 was reset to January 20, 1984. On January 19, 1984, plaintiff unilaterally submitted a Final Pre-trial Order which did not substantially comply with the requirements of the

---

**3.** Based on the evidence presented at the original preliminary injunction hearing, this Court cannot in good conscience enter a default against Jartran and Davis on Hector Hunt's

Amended Counterclaim for abuse of process, despite the procedural delinquencies identified in the text.

Standing Order of the Court. The pretrial conference date of January 20, 1984 was struck. On January 26, 1984, the parties were given until March 2, 1984 to file a proper pretrial order and a pretrial conference was set for March 9, 1984. On March 2, 1984, defendants filed a lengthy Final Pre-trial Order of Defendants which substantially complied with the requirements of the Standing Order of the Court. The cover letter which accompanied the filing indicated several attempts made by defendants to have plaintiff's attorney participate in the drafting of the pretrial order. On March 9, 1984, the pretrial conference was held, but plaintiff's attorney did not appear. Plaintiff's attorney did not contact opposing counsel or the court to explain his absence and no continuance of said conference was sought by plaintiff's counsel.

On the following dates defendants' attorneys met with or attempted to reach plaintiff's attorney regarding the Final Pre-trial Order, but to no avail. These dates are as follows: May 13, 1983, August 4, 1983, December 7, 1983, December 22, 1983, January 5, 1984, January 6, 1984, January 17, 1984, January 26, 1984, February 29, 1984 and March 1, 1984. Between the period of April 15, 1983 and March 1, 1984, numerous calls were made to the office of plaintiff's attorney to discuss the status of the Final Pre-Trial Order, but never was there a return call. Unfortunately, records were not made of these calls.

### APPENDIX B

### DEFENDANTS' JOINT REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION

The Plaintiff, JARTRAN, INC., and Third Party Defendant, GALEN DAVIS, filed their response to Defendants' Motion on April 11, 1984. That response does not comment on any of the cases cited by Defendants in their Memorandum of Law and misstates and mischaracterizes the facts of this case.

It is appropriate, therefore, to summarize the relevant facts of record. Written interrogatories to be answered by plaintiff were filed on December 29, 1981. Plaintiff filed its answers to said written interrogatories on September 27, 1982, 273 days after filing of the interrogatories. A Request to Produce to be responded to by Plaintiff was filed on October 26, 1982. Plaintiff complied with said request by producing documents for inspection on January 17, 1983, 84 days after filing of said request. A Request to Admit Facts to be answered or objected to by Plaintiff was filed on August 4, 1983. Plaintiff filed its answers to said request on December 23, 1983, 130 days after filing of said request.

On March 7, 1983, the Court ordered that the joint pretrial order was to be filed by May 16, 1983. As of April 11, 1984, the date Plaintiff filed its response to Defendants' motion, a joint pretrial order has not been filed. 332 days have elapsed since entry of the initial order directing the filing of the joint pretrial order and Plaintiff's response. Plaintiff has yet to respond to Defendants' draft pretrial order which was served on Plaintiff on February 29, 1984 and submitted to the Court on March 2, 1984; a period of over 40 days.

On January 12, 1982, Defendant, Hector M. Hunt, filed his Amended Counterclaim. On March 25, 1982, the Court entered its Memorandum Opinion and Order and ordered Plaintiff and Third Party Defendant to answer the Amended Counterclaim on or before April 5, 1982. Plaintiff failed to file responsive pleadings until January 27, 1984 or 746 days from the date of filing the Amended Counterclaim and 634 days from the court ordered due date.

Normally, under the Rules of Civil Procedure for the United States District Courts, Rules 33, 34 and 36, the party receiving an interrogatory, request to produce, or request for admission of fact must respond to same within 30 days unless the court sets a shorter or longer time. Rule 12 provides that Plaintiff shall serve his reply to counterclaim within 20 days, unless the court otherwise directs. Plaintiff has taken refuge in the fact that the Court has granted Plaintiff leave to file answers to

the Request for Admission of Facts and the Amended Counterclaim. Plaintiff fails to realize that the Court granting leave to file overdue responses and pleadings does not constitute a condonation of plaintiff's overall conduct.

Plaintiff has established a pattern and practice of contumacious conduct, delay, and lack of prosecutive intent. Plaintiff's Answer to Interrogatories were filed only after Defendants filed a Motion to Compel Answers to Interrogatories. Plaintiff complied with Defendants' Request to Produce only after a Motion to Compel Product of Documents and For Stay of Order was filed by Defendants. On December 7, 1983, 125 days after the filing of the Request to Admit, Plaintiff presented its Motion to Extend Time to Respond to Request to Admit, to which Defendants filed a written response and appeared in opposition. Plaintiff has made it a habit to appear in court long after the compliance date has passed and ask for either further extensions of time or leave to file instanter.

Plaintiff has offered no explanation to the Court as to why it failed to attend the pretrial conference held on March 9, 1984. That unexcused absence, combined with Plaintiff's failure to file a proper joint pretrial order, most clearly shows Plaintiff's dilatory and contumacious conduct.