**PITTSBURGH NATIONAL BANK, a national banking association, Plaintiff,**

v.

**WELTON BECKET ASSOCIATES and Turner Construction Company, John Swenson Granite Company, Inc., Georgia Marble Setting Company, Georgia Marble Company, Defendants,**

v.

**LITTELL STEEL COMPANY and Ragnar-Benson, Inc., Vermont Marble Company, Third-Party Defendants.**

Civ. A. No. 84–1987.

United States District Court,
W.D. Pennsylvania.

Jan. 31, 1985.

Rosenberg, Kirshner, Kaleugher & Winikoff, P.A., William R. Haushalter, Pittsburgh, Pa., for Littell Steel Co.

Joseph William Conway, Sarver, Pa., for Elsa Benson, Inc. & Ragnar Benson, Inc.

Lindsay, McGinnis, McCandless & McCabe, Robert F. McCabe, Jr., Pittsburgh, Pa., for Welton Becket Associates.

Robert S. Garrett, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for Turner Construction Co.

Eric P. Reif, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for John Swenson Granite Co., Inc.

William K. Herrington, Pittsburgh, Pa., for Georgia Marble Co.

Berkman, Ruslander, Pohl, Lieber & Engel, Alan Garfinkel, Alison G. Poccia, Pittsburgh, Pa., for Littell Steel Co.

## OPINION

COHILL, District Judge.

Presently before us are the Rule 12 motions of Defendant, Turner Construction Company ("Turner"), attacking the complaint filed by Plaintiff, Pittsburgh National Bank ("PNB") in the Court of Common Pleas of Allegheny County, Pennsylvania and removed to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Turner's motions include a motion to strike, a motion to dismiss for failure to state a claim upon which relief can be granted and a motion for a more definite statement.

The underlying action arises out of alleged design and construction defects in the exterior granite facade of PNB's headquarters in Pittsburgh, Pennsylvania. The building was begun in 1969 and completed in 1972. In approximately November of 1983, PNB discovered that the granite panels on the exterior of the building were slipping and that, in order to prevent further damage, the anchorage system and granite panels would have to be repaired or replaced. PNB brought this action against both Turner, the general contractor for the building project, and Welton Becket Associ-

Anthony Picadio, Tucker & Arensberg, Pittsburgh, Pa., for plaintiff.

Robert G. Simasek, Pittsburgh, Pa., for Vermont Marble Co.

ates ("Welton Becket"), the project architect, for breach of contract and negligence.

*Motion for More Definite Statement*

Pursuant to Rule 12(c) .Fed.R.Civ.P., Turner requests that this court order PNB to make a more definite statement of the claims alleged in paragraphs 18, particularly subsections b, c, f, and g, and 32, particularly subsections b, d and e, of the complaint. Turner asserts that these paragraphs are too vague and general to provide it with a sufficient basis from which to prepare its defense. Paragraph 18 alleges breach of contract generally, then specifically enumerates in seven (7) subsections particular instances of alleged breach. Paragraph 32 alleges negligence in provision of services generally, then specifically enumerates in five (5) subsections particular instance of alleged negligence.

After removal to federal court, the complaint becomes subject to the requirements of the Federal Rules of Civil Procedure as if it had originally been commenced in this court. Fed.R.Civ.P. 81(c); *Ciotti v. Aetna Casualty & Surety Company*, 511 F.Supp. 647, 648 (E.D.Pa.1981). Rule 12(e) provides as follows:

> (e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is *so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,* he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e) (Emphasis added).

In order to construe the language of Rule 12(e), we must look to the general rules of pleadings provided in Rule 8. Rule 8(a)(2) calls for a "short and plain statement of the claim ..." Similarly, Rule 8(e)(1) calls for "simple, concise and direct" averments. Courts have interpreted Rule 8 as a provision allowing for a flexible approach to framing pleadings and purposely avoiding the technical pleading requirements of the old codes. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215 (1969). *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86 (1957). Under the Federal Rules notice pleading standard, complaints must be liberally construed. *American Medicorp, Inc. v. Humana, Inc.*, 445 F.Supp. 573 (E.D.Pa.1977). As long as it provides fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved, subsequent discovery and pretrial procedures will narrow and shape the issues and provide relevant facts. *Conley*, 355 U.S. at 47, 48, 78 S.Ct. at 103; *Heisman v. Giordano*, 343 F.Supp. 1258, 1259 (E.D.Pa.1972); *Lewis v. U.S. Slicing Machine Co.*, 311 F.Supp. 139, 140 (W.D.Pa.1970).

The complaint filed by PNB states the nature of its claims as breach of contract and negligent construction. It specifies the acts and omissions supporting its claims generally. Fed.R.Civ.P. 84 states that its Appendix of Forms gives examples of sufficient complaints demonstrating the simplicity and brevity contemplated by the rules. Form 9, an example of a negligence complaint, alleges negligent driving. It does not specify in what manner the Defendant was allegedly negligent. If this form is sufficient, surely PNB's complaint enumerating negligent selection of an anchorage system, procurement of materials, use of reasonable care and skill, adequate inspection, and attention to safety details would be sufficient. Likewise, PNB's allegations in breach of contract sufficiently notify Turner of the claims against it to prepare its responsive pleadings. Consequently, Turner's motion for a more definite statement must be denied.

*Motion to Strike*

Turner also argues that, with respect to paragraph 14 of the Complaint, Plaintiff

has been *too* specific in its allegations. In contrast to Turner's above discussed motion for a more definite statement, Turner here argues that, by incorporating by reference an engineering report, Plaintiff has violated Rule 8(a)'s mandate to provide a short and plain statement of the claim. The report at issue contains thirty-one (31) pages of text and six (6) appendices consisting of photographs, plans and drawings.

The court is granted the power to strike under Rule 12(f):

> (f) Motion to Strike. Upon motion by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, *the court may order stricken* from any pleading any insufficient defense or *any redundant, immaterial, impertinent, or scandalous matter.*

Fed.R.Civ.P. 12(f). Such motions, however, are not favored and will not be granted absent a showing of prejudice resulting to the adverse party. *Allegheny County Sanitary Authority v. United States Environmental Protection Agency*, 557 F.Supp. 419, 426 (W.D.Pa.1983), *aff'd*, 732 F.2d 1167 (3d Cir.1984).

In support of its motion, Turner cites two cases in which courts granted motions to strike. In the first case, the Court of Appeals for the Tenth Circuit struck a portion of a complaint which alleged facts and circumstances occurring subsequent to the transaction which allegedly caused Plaintiff's damage. *Blazer v. Black*, 196 F.2d 139, 143 (10th Cir.1952). As such, those portions had no relevance to the statement of the Plaintiff's claim. *Blazer* is clearly distinguishable on its facts from the present action.

■ More closely on point is the second case cited by Turner in support of its motion. In that case, the court granted a motion to strike what it terms "excessively verbose and extraneous pleadings." *Johns-Manville Sales Corp. v. Chicago Title & Trust Co.*, 261 F.Supp. 905, 908 (N.D.

Ill.1966). The court noted that the Plaintiff devoted 69 paragraphs, 39 pages and 24 exhibits to the statement of a single count. *Id.* Here, the Plaintiff managed to state six (6) counts in 14 pages. We do not believe that a mere reference in one paragraph to an indisputably material report gives rise to the redundance necessary to support a motion to strike. Turner has not alleged, nor do we find, that the incorporation by reference of the engineering report at issue here causes the complaint to be excessively verbose to the point of prejudicing the Defendant, Turner.

### Motion to Dismiss

Finally, Turner argues that the complaint should be dismissed pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. This motion is set forth as to the Complaint generally, but Turner offers no support for dismissal of any theory except the implied warranty allegations set forth in paragraphs 17 and 18 of the Complaint.

With regard to implied warranties, Turner argues that Pennsylvania law provides no basis for an action against a contractor or subcontractor engaged in the construction of a non-residential building. Turner contends that, while Pennsylvania has permitted recovery against contractors of residential buildings under implied warranty theories, the policy rationale behind recovery in such instances does not apply to commercial construction cases. In support of its argument, Turner relies on *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972) which mentions unequal knowledge of the parties as part of its reasoning behind discarding the common law doctrine of *caveat emptor* in favor of implied warranty. *Elderkin* dealt solely with the application of implied warranties in residential construction. *Elderkin*, 288 A.2d at 777. Consequently, Turner argues implied warranties are limited to the construction of private dwellings and case law to the contrary should be disregarded since it does not recognize this distinction.

PNB refutes Turner's argument that *Elderkin* intended to limit the application of implied warranties to residential construction. It notes that the *Elderkin* court relied on at least one commercial construction case which found a cause of action under Pennsylvania law for implied warranty. *Elderkin*, 288 A.2d at 775 n. 12. In addition, PNB cites subsequent case law specifically addressing the issue of extending implied warranties beyond the construction of residential dwellings. *Sports Management Group v. Allensville Planning Mill*, 16 D. & C.3d, 760, 765 (Mifflin County 1980). Finally, PNB cites a recent federal court decision recognizing the existence, under Pennsylvania law, of implied warranty actions in large-scale construction contracts. *Cluett, Peabody & Co. v. Campbell, Rea, Hayes & Large*, 492 F.Supp. 67 (M.D.Pa.1980).

██ On a motion to dismiss, made pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim, the burden of proof lies with the moving party. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980). The court must construe liberally all allegations made in the complaint since such a motion results in a determination on the merits at an early stage of Plaintiff's case. *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.*, 749 F.2d 154, at 161 (3d Cir.1984); *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). The motion should be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Turner has offered no proof whatsoever to support its motion to dismiss generally. We deny that aspect of the motion, without further consideration, for failure to meet the burden of proof required of a moving party.

Turning now to Turner's motion to dismiss paragraphs 17 and 18 of the Complaint, we focus on Pennsylvania's implied warranty law as it applies to commercial construction situations. Although case law on this issue is sparce, we note that at least two Pennsylvania courts have recognized implied warranties recently in commercial construction situations. *Sports Management Group*, 16 D. & C. at 765; *Metropolitan Edison v. United Engineers*, 4 D. & C.3d 473 (Phila. County 1977). Likewise, an earlier Pennsylvania decision, relied on by the *Elderkin* court, acknowledged the existence of implied warranties in other than residential construction cases. *Bodan v. Fickett*, 24 D. & C.3d 115 (Cumberland County 1982). Finally, a federal court in this district has recognized the existence of implied warranties of fitness in construction contracts. *Cluett*, 492 F.Supp. at 74 n. 8.

Despite the above-cited cases, and notwithstanding Turner's inability to point out Pennsylvania cases holding to the contrary, Turner would have this court dismiss Plaintiff's action for failure to state a claim. Turner maintains that the policy rationale behind implied warranties permits us to impose them only in residential construction cases. On the contrary, we believe that important policy considerations justify extension of warranties beyond the realm of residential construction. The same rationale applies to commercial situations as applies to residential: once construction has begun, the vendee has "no other reasonable choice but to rely on the skill and integrity of the builder." *Bodan v. Fickett*, 24 D. & C.3d at 116. Many defects in construction would not arise until long after construction is complete. If the vendee has no implied warranty of fitness or performance in a workmanlike manner, he would have no remedy against the builder who undoubtedly is in a better position to guard against defects. *Elderkin*, 288 A.2d at 777.

██ When a vendee reasonably relies upon the expertise of the builder to construct a structure suitable for his needs, the law should impose an implied warranty to protect the vendee. *See Kellogg Bridge*

892

Co. v. Hamilton, 110 U.S. 108, 3 S.Ct. 537, 26 L.Ed. 86 (1884). The strongest policy consideration behind implying a warranty in this situation is the protection of the party to a contract who stands in a position of unequal knowledge. *Id.* at 116, 3 S.Ct. at 542. A builder who by virtue of his occupation holds himself out as competent to construct the vendee's building occupies a far superior position than the individual who hired him. Although the vendee may have an opportunity to inspect the final product, it would be unreasonable to expect him to discover latent defects. The builder alone has the knowledge and ability to recognize and guard against these defects. This inequality of knowledge arises whether the builder is hired to construct a home or a commercial structure. We cannot, therefore, agree with Turner that Pennsylvania cases implying warranties in other than residential construction situations are irrational and should not be followed. Consequently, we also deny Turner's motion to dismiss paragraphs 17 and 18 of the complaint. An appropriate order will follow.