Karen Hathcock **BARBEE**, Plaintiff,

v.

Sheila Tucker **COBLE**, Defendant, and

**Sheila Tucker Coble and Mark Nathaniel Coble, Third–Party Plaintiffs,**

v.

**United States of America, Third–Party Defendant.**

No. 1:99CV00606.

United States District Court, M.D. North Carolina.

May 17, 2002.

Karen Hathcock Barbee, Stanfield, pro se.

Steven J. Colombo, Steven J. Colombo, P.A., Charlotte, NC, for defendants.

Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, for U.S.

## MEMORANDUM ORDER

TILLEY, Chief Judge.

This case is now before the Court on the Defendant Coble's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [Doc. # 12] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Government's Response to Defendant's Motion to Dismiss [Doc. # 13]. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED and the Government's Response requesting dismissal is also DENIED.

**1.** The bracketed text was handwritten on the form by Ms. Barbee.

I.

The facts, in the light most favorable to the Plaintiff, Karen Hathcock Barbee, Barbee, and according to the pleadings, are as follows. Plaintiff Barbee's car was involved in an accident with Mark Coble, husband of Defendant Sheila Tucker Coble. Sandra Sossaman was driving Plaintiff's car with Plaintiff's permission while she was delivering mail as a United States Postal Worker. Mark Coble allegedly ran into Ms. Sossaman's vehicle in an attempt to pull around it while Ms. Sossaman was delivering mail.

Plaintiff Barbee filed a complaint in the Small Claims Court of the General Court of Justice, District Court Division, in Stanly, North Carolina, against Sheila Tucker Coble for the damage done to her vehicle. Ms. Barbee filled out a one-page, "check the box" form provided by the Small Claims section of the District Court Division in order to file her complaint. The complaint states: "The defendant owes me [$2,922.22] ... for the following reason: Other [to recover damage done to vehicle]." [1]

The Defendant, Ms. Coble, answered the complaint in state court on February 10, 1999, alleging as an affirmative defense that Ms. Barbee was contributorily negligent. On March 9, 1999, Ms. Coble amended her answer in state court, apparently upon learning that Sandra Sossaman, not Plaintiff Barbee, was operating the vehicle at the time of the accident. Ms. Coble's amended answer alleges that Ms. Sossaman was negligent and her negligence should be imputed to Ms. Coble. On June 23, 1999, Ms. Coble and her husband, Mark Coble,[2] impleaded Ms. Sossaman as a third-party defendant. Because Ms. Sossaman was involved in the accident while on duty as a United States Postal Worker, the United States was later substituted as the third-party defendant. Because Ms. Sossaman was acting within the scope of her employment as a mail carried for the United States Postal Service, the United States removed this action to federal court

**2.** The state court documents submitted to this Court do not indicate how Mr. Sossaman became a party to this action.

on July 23, 1999 and substituted itself for Ms. Sossaman.

Ms. Coble filed her 12(b)(6) motion on January 3, 2001. The United States, as third-party defendant, filed a response to this 12(b)(6) motion on January 23, 2001, requesting dismissal of Ms. Coble's claims against it if the Defendant's 12(b)(6) motion is granted. Ms. Barbee, who is proceeding pro se, did not file a response within twenty days and did not ask for an extension of time, so Defendant's motion will be treated as uncontested. M.D.N.C. L.R. Civ. P. 7.3(k). ("If a respondent fails to file a response within the time required by this rule [20 days], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

## II.

■ Now before the Court is Ms. Coble's Motion to Dismiss for failure to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Ms. Coble failed to file the motion prior to or with the filing of the responsive pleading as required by Rule 12(b)(6), the motion will be treated as a Motion for Judgment on the Pleadings under Rule 12(c). Fed.R.Civ.P. 12(h)(2) ("A defense for failure to state a claim upon which relief can be granted ... may be made ... by motion for judgment on the pleadings."); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999); *Johnson v. Rinaldi*, No. 1:99CV170, 2001 WL 677306, at *2, 2001 U.S. Dist. LEXIS 9833, at *5 (M.D.N.C. Apr. 13, 2001). The standard used is the same under either rule. *Edwards*, 178 F.3d at 243.

Rule 81(c) of the Federal Rules of Civil Procedure provides that the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fed. R.Civ.P. 81(c). Once the case is removed to federal court, the complaint becomes subject to the requirements of the Federal Rules as if it had been commenced in federal court originally. *Columbus, Cuneo, Cabrini Med. Ctr. v. Holiday Inn*, 111 F.R.D. 444, 446 (N.D.Ill.1986); *Pittsburgh Nat'l Bank v. Wel-*

*ton Becket Assoc.*, 601 F.Supp. 887, 889 (W.D.Pa.1985). Therefore, federal law controls the 12(b)(6) motion.

The Defendant contends that Ms. Barbee's complaint does not set forth facts sufficient to establish a legally cognizable claim against the Defendant. Defendant argues that Plaintiff "only submitted one fact in an attempt to establish the Defendant's negligence ... [s]pecifically ... 'the defendant owes the plaintiff $2,922.22 for damage done to vehicle.'" *Id.* Defendant's only apparent basis for dismissal is that the complaint "does not establish a prima facie case of negligence or the substantive elements of some legally recognized claim." The Federal Rules of Civil Procedure do not require that a plaintiff establish the substantive elements of a claim. The purpose of a complaint is to provide fair notice of the claim to the defendant. *Liner v. DiCresce*, 905 F.Supp. 280, 283 (M.D.N.C.1994).

Because a Rule 12(b)(6) motion disposes of a case on its merits early in the litigation, it should only be granted "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Labram v. Havel*, 43 F.3d 918 (4th Cir.1995). On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all claims are to be construed in favor of the nonmoving party and the allegations of the complaint are taken as true. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curium), *Gordon v. Gestetner Corp.*, No. 92–2112, 1993 WL 198191, 1993 U.S.App. LEXIS 13658 (4th Cir.1993) (citing *Martin Marietta Corp. v. Intern. Telecomm. Satellite Org.*, 978 F.2d 140, 142 (4th Cir.1992)). The burden of proof lies with the moving party, and the plaintiff's allegations should be construed liberally since detailed fact pleading is not required. *Leatherman, et al. v. Tarrant Co. Narcotics Intelligence and Coordination Unit, et al.*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517, 524 (1993); *Choate v. Durham*, No. 3:97CV413–P, 1997 U.S. Dist. LEXIS 21893 (W.D.N.C. Dec. 17, 1997) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

1406 (3d Cir.1991), *cert. denied* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991)).

The standard for Rule 12(c) is no different from the 12(b)(6) standard. *Edwards,* 178 F.3d at 243. Therefore, Defendant must show, based on the pleadings, that Plaintiff can prove no set of facts sufficient to support her claim that Defendant owes her $2,922.22 for "damage done to vehicle." Defendant Coble has failed to show, based on the pleadings, that Plaintiff Barbee would be unable to support this claim. In fact, Barbee may be able to recover from Coble under a number of theories for the damage done to her vehicle. Coble offered defenses to these possible theories in her amended answer and was able to file a third-party complaint on the basis of these theories. Furthermore, the rationale for the standard set forth in *Conley* has been "premised on the notion that disputes should be decided on their facts, as developed through discovery and at trial, rather than on the skill or ineptitude with which pleadings are drawn." *Loe v. Armistead, et al.,* 582 F.2d 1291, 1295 (4th Cir.1978) (citing *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.1978); C. Wright, Federal Courts § 68 (3d ed.1976)). Pro se complaints are held to less stringent standards than the more formal pleadings drafted by lawyers. *Haines* 404 U.S. at 520, 92 S.Ct. at 596, 30 L.Ed.2d at 654. Any further facts needed by Defendant are available through discovery.

Defendant's argument would have been more appropriate at an earlier stage of the litigation, in the form of a motion for a more definite statement under Rule 12(e) or a motion to strike under Rule 12(f) of the North Carolina Rules of Civil Procedure. The record submitted from state court does not indicate that Defendant ever made these motions, and Defendant has never requested permission from this Court to make these motions under the same Federal Rules. Now, well after time has passed for these motions and well after Defendant has both answered the complaint and filed a third-party complaint with apparent full knowledge of the facts and possible claims against her, Defendant is attempting to use the simplicity of the complaint form filled out by a pro se Plaintiff to win a dismissal from this Court under 12(b)(6).

While Defendant has not met her burden and her motion is denied on this basis, another observation should be made concerning the particular circumstances of this case. The complaint was filed in small claims court using a form provided by The General Court of Justice District Court Division—Small Claims. The complaint form required very little information from the Plaintiff. The form had preprinted responses with corresponding boxes for a plaintiff to check, indicating the reason for filing suit. Plaintiff could choose from the following reasons for bringing suit: (1) "money on an account" (plaintiff is to attach a copy of the account); (2) "goods sold and delivered" (plaintiff is to provide beginning date and end date); (3) "money lent" (plaintiff is to provide date from which interest is due); (4) "on a promissory note" (plaintiff is to attach copy); (5) "for a worthless check" (plaintiff is to attach a copy of the check); (6) "conversion" (plaintiff is to describe for any more information regarding the plaintiff's theory of recovery or the alleged wrongs committed by the defendant named on the form). In fact, the only reason Plaintiff had to submit an explanation was because she checked the box marked "other." Such standard forms in small claims courts are meant to provide claimants with the information necessary to put a defendant on notice that a lawsuit has been filed against him or her. *Liner,* 905 F.Supp. at 283. Clearly, since Defendant has fully responded to this point, the form served its purpose.

### III.

Granting Defendant Coble's motion at this stage in the proceeding would result in an unfair and inappropriate dismissal of Ms. Barbee's claims. Whatever difficulties Defendant has with the facts of Plaintiff's case are easily remedied through discovery. After that point, Defendant may choose to use the other remedies available under the Federal Rules of Civil Procedure to challenge the basis for Ms. Barbee's. Defendant's Motion to Dismiss is DENIED, and the United

States' request for dismissal is therefore also DENIED.