**COLUMBUS, CUNEO, CABRINI MEDICAL CENTER, Plaintiff,**

v.

**HOLIDAY INN, Hotel Employees and Restaurant Employees International Union and William L. Meyers, Inc., Defendants.**

**No. 85 C 10337.**

United States District Court, N.D. Illinois, E.D.

Aug. 1, 1986.

---

Robert J. Biswurm, Biswurm & Myers, Chicago, Ill., for plaintiff.

Mark A. Spadoro, Michael Murray, Rock, Fusco, Reynolds & Heneghan, Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, Senior District Judge.

Plaintiff, the assignee of hospital insurance benefits under defendants' health and welfare plan, filed suit in the circuit court of Cook County, seeking remedies under state law for defendants' allegedly wrongful denial of benefits. Defendants removed the suit to this court, relying on *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) for the proposition that the dispute was governed by federal law; specifically, § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Plaintiff did not file an amended complaint following removal. Defendants then moved to dismiss contending: (1) that the state law remedies sought were preempted

by ERISA, (2) that the assignor was ineligible for benefits, and (3), that plaintiff failed to exhaust administrative remedies. In addition, defendants sought costs and fees pursuant to Rule 11, Fed.R.Civ.P., arguing the complaint was without merit and that plaintiff failed to make reasonable inquiry into the law and facts prior to filing the suit in state court. Plaintiff responded with a motion for voluntary dismissal, which this court granted on March 6, 1986, reserving the question whether under Rule 41(a)(2), Fed.R.Civ.P., it should condition the dismissal on the payment of fees and costs under Rule 11.

■ On April 29, 1986, the parties were directed to address the question whether a party or his attorney can be subjected to sanctions under Rule 11 for filing a complaint in state court that was subsequently removed to this federal court. Rule 81(c), Fed.R.Civ.P., provides that the federal rules apply to civil actions removed to United States district courts and govern procedure after removal. Once removed, the complaint becomes subject to the requirements of the federal rules as if it had originally been commenced in this court. *See e.g., Pittsburgh National Bank v. Welton Becket Assoc.*, 601 F.Supp. 887, 889 (W.D.Pa.1985). Some courts have interpreted this rule broadly, concluding that the court should treat everything that occurred in state court as if it had taken place in federal court. *See Feller v. Na-tional Enquirer*, 555 F.Supp. 1114, 1118 (N.D.Ohio 1982). Other courts have held that only pleadings filed subsequent to removal must conform to the requirements of the federal rules. *See Istituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Products Inc.*, 47 F.R.D. 310, 312 (S.D.N.Y.1969).[1]

■ Under Rule 11,[2] a lawyer has a duty to limit litigation to contentions well grounded in fact and warranted by existing law, or on a good faith argument for its extension or modification. *See In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir.1985). Notes of the Advisory Committee state that use of the word "sanctions" in the caption of the rule stresses its deterrent orientation. It was designed both to compensate the opposing party for expenses caused by its violation and to penalize the offender. *See* Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 201 (1985). The rule was amended in 1985 to increase its effectiveness in deterring abuses by eliminating the requirement that the offending party act in bad faith. *See Rodgers v. Lincoln Park Towing*, 771 F.2d 194, 205 (7th Cir. 1985). The standard is now an objective one of reasonableness under the circumstances. *Id.*

By contrast, the law that was applicable when plaintiff filed its complaint in state court was Ill.Rev.Stat. ch. 110, § 2–611.[3]

---

1. *Cf: Porte v. Home Federal Savings & Loan Ass'n of Chicago*, 409. F.Supp. 752, 753 (N.D.Ill. 1976). The court in *Porte* held that under Rule 81(c) removed actions are to be governed by the federal rules at least in regard to matters involving more than mere form.

2. Rule 11, Fed.R.Civ.P., states, in pertinent part, *Signing of Pleadings, Motions and Other Papers; Sanctions.*
   Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name ... The signature of an attorney or other party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modifi-cation, or reversal of existing law and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion or other paper is signed in violation of this rule the court, upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

3. Ill.Rev.Stat. ch. 110, § 2–611 states:
   *Untrue Statements.*
   Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the pay-

Under that law, a party may be ordered to pay reasonable expenses and attorneys' fees actually incurred by the opposing party for any untrue statement made in any pleading. The Illinois statute was amended in 1976 to eliminate the moving party's need to show a lack of good faith to recover, but it remains penal in nature and is to be strictly construed. *Grover v. Commonwealth Plaza Condominium Ass'n.*, 76 Ill. App.3d 500, 511–12, 31 Ill.Dec. 896, 904–05, 394 N.E.2d 1273, 1281–82 (1st Dist. 1979). Reviewing courts of Illinois have held that sanctions cannot be imposed under this law for mere faulty legal reasoning, the allegations must be found to be untrue. *Model Industries Inc. v. Walsh Press & Die Co.*, 111 Ill.App.3d 572, 576–77, 67 Ill.Dec. 403, 406, 444 N.E.2d 639, 642 (1st Dist.1982). Moreover, sanctions can only be imposed on the party making the false pleading, not the attorney. *Evans v. Stoval*, 83 Ill.App.3d 257, 259, 83 Ill.Dec. 717, 719, 403 N.E.2d 1321, 1323 (3d Dist.1980).

▬▬ As can be seen from this discussion, Rule 11 imposes a much stricter standard; faulty legal reasoning as well as frivolous allegations can expose a party and his attorney to sanctions. Under these circumstances, imposing sanctions under Rule 11 in this case would be analogous to applying an ex post facto law. *Cf. Jensen*

*v. Schweiker*, 709 F.2d 1227, 1230 (8th Cir. 1983). It would serve to punish plaintiff for acts it committed prior to the time it became subject to the more stringent requirements of the federal rules.[4] For these reasons, the court concludes Rule 81(c) cannot be interpreted so as to subject a party or his attorney to sanctions under Rule 11 because of a complaint originally filed in state court and later removed to federal court. It must be noticed that plaintiff has taken no action in this federal court, other than to move for voluntary dismissal of the case.[5] Accordingly, defendants' motion for sanctions pursuant to Rule 11, Fed.R.Civ.P., is denied.

▬▬ For similar reasons, the court determines it will not condition plaintiff's voluntary dismissal on the payment of attorneys' fees and costs under Rule 41(a)(2). Under the Illinois Code of Civil Procedure which plaintiff was subject to when it filed its complaint, a defendant is entitled only to court costs when a suit is voluntarily dismissed. *See* Ill.Rev.Stat. ch. 110 ¶ 5–116. It would thus be unfair to now condition plaintiff's voluntary dismissal on the payment of attorneys' fees and costs.[6] Accordingly, the court declines to condition plaintiff's voluntary dismissal on the payment of attorneys' fees and costs under Rule 41(a)(2).

So ordered.

---

ment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.

4. One magistrate appears to have resolved this dilemma by applying the state rules of procedure to a complaint that was originally filed in state court and later removed to federal court. *See Crowell v. The Holy Order of Man*, 39 Fed.R. Serv.2d 1223, 1224 (D.Mass.1984) *cited in* Parness, *Groundless Pleadings and Certifying Attorneys in the Federal Courts*, 1985 Utah L.Rev. 325, 330 n. 19. However, the author notes that *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), appears to foreclose application of state law to procedural matters in federal court. *But see Knorr Brake Corp. v. Harbil, Inc.*, 556 F.Supp. 484, 486–87 (N.D.Ill.1983), *rev'd on other grounds*, 738 F.2d 223 (7th Cir. 1984) (applying Illinois statute regarding false pleadings to diversity case).

5. Even if the court were to conclude that plaintiff was subject to Rule 11, it cannot conclude that the rule was violated in this instance. An attorney may on occasion fail to find an important case, especially if it is recent. *See* Schwarzer, *Sanctions*, 104 F.R.D. at 194. Once aware of the fairly recent controlling authority in this case, plaintiff moved promptly for a voluntary dismissal. This is not a case where the party has continued to pursue a legally unsupportable position. Thus, sanctions would not be warranted in any event.

6. Moreover, the purpose of an award of attorneys' fees under Rule 41(a)(2) is to reimburse the defendant for expenses incurred in preparing work that will not be useful in subsequent litigation. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985). Much of defendants' work in this case going to the merits of plaintiff's claim can be used in their defense at the administrative level.