Melodie BRANDENBURG, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 89 C 2078.

United States District Court,
N.D. Illinois, E.D.

Aug. 2, 1989.

Christ S. Stacey, Kocsis Mohr & Gaertner, Naperville, Ill., for plaintiff.

Michael Lieberman, Yvonne D. Spradley, Judson H. Miner, Corp. Counsel, City of Chicago Law Dept., Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Plaintiff Melodie Brandenburg originally filed this action in the Circuit Court of Cook County charging, among others, the City of Chicago (the "City") with violating various state common law duties and, in a count brought under 42 U.S.C. § 1983, infringing her constitutional rights. The claims arise from an automobile accident on May 13, 1988, in which Brandenburg's car was struck by a car that the Chicago police had been chasing. The defendants removed the action to this Court on the basis of our jurisdiction over the § 1983 claim. After defendants moved to dismiss all counts, Brandenburg amended her complaint to eliminate the federal claim. On her motion, we remanded the action to the state court but retained jurisdiction to entertain the City's motion for costs and fees.[1] For the reasons set forth below, we relinquish our jurisdiction over the motion.

---

1. Brandenburg contends that we retained jurisdiction over the City's request for costs but not for fees. The pertinent portions of the March 31, 1989 status hearing went as follows:

   Court: All right. The motion to remand will be allowed. I will ship you back to the State Court where you belong.
   Defendants' Attorney: Your Honor, we would like to make a motion for costs in this case. We have gone to the expense of—

   Court: File your motion. I will give you seven days to respond and then I will take a look at it, all right?
   Defendants' Attorney: Thank you, Judge.
   Plaintiff's Attorney: So it's remanded but—
   Court: Yes, but I am retaining jurisdiction solely for a motion for costs.

   Although this colloquy refers only to costs, it is probably true that we intended to retain jurisdiction over a request for fees as well. In any event, we later amended the March 31 order expressly to include fees.

### Discussion

■ The City seeks compensation for the costs and attorney's fees incurred in removing this action to federal court and in filing the motion to dismiss. The City contends that Brandenburg's federal claim was frivolous and that she voluntarily dismissed that claim solely to regain the state court forum. Rule 11 of the Federal Rules of Civil Procedure[2] applies only to "pleadings, motions, or other papers" filed in federal district court. A frivolous complaint filed in state court and removed to federal court cannot by itself form the basis of a Rule 11 sanction. *Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 808 (9th Cir. 1987); *Columbus, Cuneo, Cabrini Medical Center v. Holiday Inn,* 111 F.R.D. 444, 447 (N.D.Ill.1986). Brandenburg filed her complaint in state court and did not oppose defendants' motion to dismiss. Even if the federal claim was frivolous, she did not file any papers here that constitute a representation to this Court that the § 1983 count "to the best of [her attorney's] knowledge, information, and belief formed after reasonable inquiry ... is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R. Civ.P. 11.

The proper forum for the City to obtain appropriate relief in the event the claim was frivolous is the state court under the authority of § 2–611, the analogous state rule. Ill.Rev.Stat. ch. 110, ¶ 2–611.[3] Section 2–611 traces the language of Rule 11 and accordingly provides an avenue for the City to obtain in state court the relief that it seeks here.[4] In awarding sanctions under Rule 11, we may include as an "appropriate sanction" any costs incurred at the state court level in an earlier stage of the litigation. We have no doubt, especially since § 2–611 was fashioned after Rule 11, that the state court can in its award account for fees and costs incurred here.

■ The City's charges of forum manipulation cause us greater concern. In *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Supreme Court held that a district court may either dismiss without prejudice or remand to the state court an action in which the plaintiff voluntarily dismisses the federal claims after removal. The Court stated that the district court in exercising this discretion can take into consideration "whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id.,* 108 S.Ct. at 622.

We have not hesitated in the past to sanction plaintiffs for such tactics by dismissing the action rather than remanding it. *See, e.g., Austwick v. Board of Education,* 555 F.Supp. 840 (N.D.Ill.1983).

---

**2.** The City fashions its motion under Rule 11, 28 U.S.C. § 1927, and general equitable notions that accompany our pendent jurisdiction over state law claims. We confine our discussion here to the appropriateness of our jurisdiction over the City's request under Rule 11 because the analysis applies equally to the other bases of the motion.

**3.** Section 2–611 provides in pertinent part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

**4.** In *Lind–Waldock & Co. v. Caan,* 121 F.R.D. 337 (N.D.Ill.1988), the court imposed sanctions in part under § 2–611 for a frivolous complaint filed in state court and removed to federal court. Unlike here, the defendant there was unable to obtain relief in the state court because the district court did not remand the case to the state court but dismissed the action on the merits. *See also Holiday Inn,* 111 F.R.D. 444.

That we remand a case does not preclude us from finding that a plaintiff dismissed the federal claim solely for forum-shopping purposes [5] and accordingly assessing monetary sanctions. Nevertheless, we believe that the fairer and more efficient approach here is again to place that decision in the hands of the state court. The decision necessarily requires an assessment of the frivolity of Brandenburg's federal claim. The state court will make that assessment in the context of defendants' request for fees and costs incurred in moving to dismiss the complaint. Doing so here as well would amount to a needless and duplicative expenditure of judicial resources and expose the parties to the risk of inconsistent results.[6] Further, the state court's interest in punishing manipulative tactics is no greater or less than ours, and we are confident that the state court will adequately remedy any perceived misconduct.

### Conclusion

The proper forum for the City's motion for fees and costs is the Circuit Court of Cook County to which we remanded this action. Accordingly, we relinquish our jurisdiction over the motion without prejudice to the City to seek costs and fees there. It is so ordered.

---

**5.** We do not suggest that Brandenburg's litigation tact here was manipulative. It may very well have been that Brandenburg dismissed the federal claim because she found merit in defendants' motion to dismiss, and then decided to ask this Court to return the case to state court.

**6.** It is clear from the language of § 2–611 that the drafters intended that the decision whether sanctions are appropriate remain in the hands of the court that is assessing the merits of the underlying cause of action:

> All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question ...