Sylvia ASLLANI, Plaintiff,

v.

BOARD OF EDUCATION OF the CITY OF CHICAGO, et al., Defendants.

No. 92 C 4295.

United States District Court, N.D. Illinois, E.D.

June 16, 1993.

Vickie A. Gillio, Timothy Merle McGinness, Cahill, Einspar–Wayne & Gillio, Chicago, IL, for Sylvia Asllani.

Iris Ellen Sholder, Miguel Angel Rodriguez, Michael Joseph Hernandez, Margaret C. Fitzpatrick, Board of Educ. of City of Chicago, Law Dept., Chicago, IL, for Board of Educ. of City of Chicago and Ted R. Kimbrough.

Kelly Raymond Welsh, Sharon Baldwin, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for Lourdes Monteagudo and City of Chicago.

Susan Valentine, Fay Clayton, Robinson, Curley & Clayton, P.C., Chicago, IL, for United Neighborhood Organization.

Richard E. Girard, Mark Adrian Moreno, Raul A. Villalobos, Eileen Teresa Pahl, Rodriquez & Villalobos, Chicago, IL, for Pilsen Neighbors Community Council, Teresa Fraga and Mary Gonzales.

Joyce Combest Price, Iris Ellen Sholder, Miguel Angel Rodriguez, Michael Joseph Hernandez, City of Chicago Bd. of Educ., Chicago, IL, for Delores Engelskirchen, Adella Greeley, William Singer, Raymond C. Principe, Tomas Revollo, Dr. Robert Sadler, Patricia Churchill, Ruth Garcia, Brunilda Gaytan, Carmen Gonzales, Lois Lopez, Lourdes Maldonaldo, Connie Morgan, Gloria Cortes, Ramon Prado and Guadelupe Reyes.

Robert Leonard Shuftan, Georgia L. Vlamis, Thomas John Verticchio, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Victor Gonzales and Daniel Solis.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

This court noted in its March 29, 1993 memorandum and order that defendants United Neighborhood Organization (UNO) and David Solis had provided evidence that they had had no involvement for a number of years in the activities relating to this lawsuit and that they so advised plaintiff months previously. That prompted the court to direct plaintiff to advise the court about what investigation was performed to make a reasonable inquiry into the possible liability of those defendants.

Having reviewed the submissions of plaintiff's counsel, we are persuaded that the complaint does not violate Rule 11. Plaintiff did not have a lot to go on, but what she did have suggested some likelihood that UNO, a community organization actively involved in Hispanic neighborhoods, and Solis were involved in the Pickard School struggles. A UNO emphasis was on what it perceived to be school reform, and that included an interest in the election and control of school councils. It had had a relationship with Pilsen Neighbors, it had an office in the Pickard area at the time, Solis was said to have attended a Pickard School meeting and to have supported an opponent of plaintiff for the council.

The thrust of the motion is, indeed, primarily directed toward what plaintiff did not do after receipt of a letter in October 1992. That letter represented that UNO and Solis were not involved in plaintiff's termination and invited plaintiff to meet to discuss the matter. Plaintiff did not do so and by failing to dismiss those defendants it indicated its intention to continue to sue them. That prompted those defendants to file a summary judgment motion, although their ultimate dismissal was on the basis of legal rather than factual issues. The Rule 11 motion, however, only reaches filings in court and not a subsequent continuation of a lawsuit after discovery, formal or informal, has demonstrated that a reasonable basis for the claim just is not there. *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1200–1201 (7th Cir.1990); *Schmitz v. Campbell–Mithun,*

*Inc.,* 124 F.R.D. 189, 191 (N.D.Ill.1989). That will be changed if the proposed amendments to Rule 11 become effective but, for now, inaction is not sanctionable under Rule 11. The motion is denied. The motion of plaintiff Asllani to dismiss and the motion for an evidentiary hearing are denied as moot.

This court, for one, hopes that the amendments do become effective. Litigation is a very expensive process. The costs are multiplied when a party is seeking substantially the same remedy against a number of defendants and on the basis of a number of different theories, all of which depend upon essentially the same assumed factual circumstances. A party advancing a claim may have a reasonable basis for so claiming, only to find early on that she was mistaken—or, as in this case, being told that a party against whom the claim was advanced is prepared to sit down and demonstrate that she is mistaken. The defendants here were, as well, parties of very limited financial resources, and whatever resources had to be diverted for defending this action came at the expense of substantive programs. Plaintiff should have accepted the invitation.